UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THOMAS and PATRICIA GAIER,                                   No. 08-12330

                    Debtor(s).
_____/

Memorandum re Chapter 13 Plan
_____

       In a Chapter 7 case, the debtor must "pass" a mechanical means test computed using statutory deductions. If a debtor cannot pass the means test and cannot show special circumstances, the debtor is ejected from bankruptcy and must deal with creditors without bankruptcy relief. Not surprisingly, this court and most others which have interpreted the means test in Chapter 7 have allowed a deduction for mortgage payments even if the debtor cannot afford to actually pay them and must abandon the property; that is the literal reading of the law, and there is no equitable reason to deviate from it.

       This is a Chapter 13 case. Debtors Thomas and Patricia Gaier and objecting creditor JP Morgan Chase Bank, N.A., disagree as to whether the same rule applies in Chapter 13. That is, whether in determining how much a debtor needs to pay to the Chapter 13 trustee for the benefit of creditors the debtor may deduct a mortgage payment the debtor is not actually going to make.

       The fairest result, for both debtor and creditors, is to base what a Chapter 13 debtor has to pay on the debtor's actual income and expenses rather than the mechanical means test. To do otherwise gives some debtors a windfall and spits out other debtors in desperate need of relief without any

benefit to creditors. However, in a case with ramifications the court did not appear to consider, the Circuit in *In re Kagenveama*, 541 F.3d 868 (9th Cir, 2008), ruled that the monthly payment a debtor must pay in a Chapter 13 case is the mechanical means test amount without regard to actual income and expenses. The law is different in other circuits. *In re Frederickson*, 545 F.3d 652 (8th Cir. 2008); *In re Lanning*, 380 B.R. 17 (10th Cir. BAP 207), aff'd 545 F.3d 1269 (10th Cir. 2008); *In re Kibbe*, 361 B.R. 302 (1st Cir. BAP 2007).

Were it not for *Kagenveama*, the court would rule that only actual expenses can be deducted in Chapter 13 in determining how much a debtor needs to pay to the Chapter 13 trustee. However, *Kagenveama* compels the court to deal in mechanical numbers rather than reality. Since that is the case, and since there is no appellate case in this circuit to the contrary, the court will apply the same rule it has applied in Chapter 7 cases and allow the deduction of a mortgage payment the debtor is not actually going to pay.[1] If Chapter 13 payments are computed using only a mechanical test without regard to actual expenses, then "phantom deductions" are permitted. *In re Pearson*, 390 B.R. 706, 714 (10th Cir. BAP 2008)(concurring opinion).

For the foregoing reasons, the objection will be overruled and the debtors' plan will be confirmed. Counsel for the debtors shall submit a form of order.

Dated: May 14, 2009

                                             Alan Jaroslovsky
                                             U.S. Bankruptcy Judge

---

[1] Creditor JP Morgan Chase cites numerous lower court cases as standing for the proposition that secured debt payment on real property which the debtor intends to surrender are not deductible by a Chapter 13 debtor. The problem with these cases is they may be from jurisdictions which follow *Frederickson* instead of *Kagenveama*. If *Frederickson* were the law in this circuit, then the court would not allow the phantom deduction. However, *Kagenveama* compels a different result.